UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY BLANK,
          Petitioner,

v.                                       Case No. 09-C-0733

MICHAEL DITTMAN, Warden,
Kettle Moraine Correctional Institution,
          Respondent.

## ORDER

On July 27, 2009, Jeremy Blank filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Winnebago County Circuit Court of child enticement and other offenses. He was sentenced to twenty years in state custody and is currently incarcerated at Kettle Moraine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

Petitioner claims that his appellate counsel was ineffective for a number of reasons. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under

Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Thus, petitioner presents colorable constitutional issues and I will not dismiss his petition at this time.

However, petitioner concedes that a state habeas petition raising the same claims that he raises in the present petition is still pending (Pet. § III.A), and that therefore he has not exhausted his state remedies. Nonetheless, citing Rhines v. Weber, 544 U.S. 269 (2005), petitioner requests that the court hold his federal habeas petition in abeyance pending resolution of the state habeas petition. (See Mot. to Hold Pet. in Abeyance Pending Exhaustion of State Remedies.) Before ruling on petitioner's motion or, if the motion should be denied, dismissing the petition for failure to exhaust state remedies, I find it prudent to determine whether respondent opposes petitioner's motion. Therefore, although respondent need not answer or otherwise respond to the petition at this time, respondent will be ordered to file a response to petitioner's motion for an abeyance. If respondent opposes the motion, petitioner will be afforded an opportunity to file a reply brief in support of the motion.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **RESPOND** to petitioner's motion to hold this petition in abeyance pending exhaustion of state remedies. If respondent opposes the motion, petitioner will have thirty (30) days after respondent serves his opposition brief in which to file a reply brief, should petitioner choose to file a reply brief.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Until respondent files his notice of appearance, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Michael Dittman and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 20 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge