# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JEREMY BLANK,**

        **Petitioner,**

   **v.**                                     **Case No.  09-C-0733**

**MICHAEL DITTMAN, Warden,**
**Kettle Moraine Correctional Institution,**
           **Respondent.**

---

## <u>DECISION AND ORDER</u>

On July 27, 2009, Jeremy Blank filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction on the ground that the attorney who handled his state court appeal was ineffective.  On the same day, petitioner filed a motion asking me to stay action on the petition and hold it in abeyance until he exhausted his ineffective assistance claim in state court.  State post-conviction proceedings are ongoing.  On September 20, 2009, I ordered respondent to indicate whether he opposed petitioner's motion to stay, and respondent filed a brief opposing the motion.  However, for the reasons stated below, I will grant petitioner's motion.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Court held that, upon a showing of good cause, district courts should stay, rather than dismiss, habeas petitions containing unexhausted claims that are not plainly meritless and hold them in abeyance pending exhaustion of state remedies.  Respondent argues that this stay-and-abeyance procedure applies only when an inmate files a "mixed" habeas petition – i.e., a petition containing both exhausted and unexhausted claims.  In the present case, because the petition contains only unexhausted claims, respondent argues that <u>Rhines</u> does not apply.

Although Rhines involved a mixed petition, the Seventh Circuit has indicated that the stay-and-abeyance procedure also applies to petitions containing only unexhausted claims. Dolis v. Chambers, 454 F.3d 721, 724-25 (7th Cir. 2005). In Dolis, the district court dismissed a petition containing only unexhausted claims for failure to exhaust state remedies. Because the dismissal occurred at the end of the one-year limitation period, 28 U.S.C. § 2244(d), the decision effectively precluded petitioner from obtaining federal review of his conviction. On appeal, the court vacated the dismissal and remanded the case with instructions that the district court consider staying the case pursuant to Rhines. Importantly, the court did not state that Rhines applied only to mixed petitions. Instead, the court acknowledged that the petition before it differed from the petition in Rhines in that it contained no exhausted claims but nonetheless concluded that the district court should consider staying the petition pending exhaustion. Id. The court stated that "it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline." Id. at 725.

The Seventh Circuit's decision in Dolis is consistent with other cases in which both the Supreme Court and the Seventh Circuit have indicated that the district courts should consider the stay-and-abeyance procedure whenever there might be good cause to employ it, regardless of whether the petition contains only unexhausted claims. In Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005), for example, the Supreme Court stated that whenever a petitioner is reasonably confused about the timeliness of his petition, he may file a "protective" petition in federal court and request that such petition be held in

2

abeyance until state proceedings have concluded. The Court did not state that a petitioner could only file a protective petition if it contained at least one exhausted claim. Likewise, in Tucker v. Kingston, the Seventh Circuit noted that "for nearly a decade, we have informed the district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." 538 F.3d 732, 735 (7th Cir. 2008) (emphasis added). The use of the word "whenever" in this sentence indicates that the only prerequisites to the use of stay and abeyance are a showing of good cause and the presence of claims that are not plainly meritless. The court did not also require that the petition contain at least one exhausted claim.

Thus, I conclude that stay and abeyance is available even where a petition contains no exhausted claims. I further conclude that stay and abeyance is warranted in the present case because petitioner's claims are not plainly meritless and petitioner has shown good cause for filing a protective petition – namely, confusion over whether his state post-conviction petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). See Pace, 544 U.S. at 416 (noting that confusion over whether state post-conviction proceeding was properly filed ordinarily constitutes good cause for utilizing stay-and-abeyance procedure). Although respondent concedes that if petitioner's post-conviction action was properly filed, the federal limitation period would be tolled (leaving petitioner with 154 days to file his federal petition upon conclusion of the state proceedings), respondent does not concede that the action was, in fact, properly filed. If the action was not properly filed, the federal limitation period will be deemed to have expired on October 14, 2009, and the dismissal of the present petition will preclude federal review. Had respondent conceded that petitioner's post-conviction action was properly filed, I would likely have dismissed this

petition. However, respondent seems to consider it at least arguable that petitioner's state action was not properly filed, and petitioner is understandably confused about the deadline for filing his federal petition. Therefore, I find that there is good cause for holding the protective petition in abeyance and staying further proceedings until petitioner has exhausted his state remedies.

Accordingly, **IT IS ORDERED** that petitioner's motion to hold his petition in abeyance is **GRANTED**. This case is hereby **STAYED** until further notice, with the exception that the parties will be ordered to file periodic updates regarding the status of the state post-conviction proceedings. To this end, **IT IS ORDERED** that within ninety days of the date of this order, both petitioner and respondent shall submit statements summarizing the status of the state post-conviction proceedings. Should the state proceedings conclude prior to this time, the parties shall promptly notify the court.

Dated at Milwaukee, Wisconsin, this 15 day of December, 2009.


/s_____
LYNN ADELMAN
District Judge

4