# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY BLANK,

                    Petitioner,

         v.                                            Case No.  09-C-0733

ROBERT HUMPHREYS, Warden,
Kettle Moraine Correctional Institution,
                    Respondent.

## <u>DECISION AND ORDER</u>

Jeremy Blank filed this habeas petition pursuant to 28 U.S.C. § 2254, asserting that

his Wisconsin conviction and sentence were imposed in violation of the Constitution.  He

was convicted in Winnebago County Circuit Court of seven crimes, most of which were sex

offenses involving a sixteen-year-old.   The court sentenced him to ten years' initial

confinement followed by ten years of post-confinement supervision.

In his petition, Blank asserts that he received ineffective assistance of appellate

counsel because his appellate counsel failed to raise a number of issues during his direct

appeal.  All but one of these issues involve alleged instances of ineffective assistance of

trial counsel.  The remaining issue involves Blank's contention that the evidence did not

support a guilty verdict on the charge of child enticement.   Respondent's principal

argument in opposition to the petition is that Blank procedurally defaulted his claims.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Blank of sexual contact and attempting sexual intercourse with a

sixteen-year-old, Elizabeth, as well as child enticement in violation of Wis. Stat. § 948.07(3)

and other charges.  At trial, Elizabeth testified that her family shared a residence with her

cousin and her cousin's boyfriend, Blank.  One night after everyone else in the house was asleep, Blank entered Elizabeth's room and while she was talking on the phone touched her breasts.  He repeated that behavior about five minutes later.  Elizabeth wanted to go to a friend's house and Blank drove her in her mother's van.  In the van, Blank touched her breasts again.  While outside the friend's house, Blank put his hand down Elizabeth's pants and inserted his finger into her vagina.  They eventually left the friend's house and drove around and played cards with other people.  After dropping off the other people, Elizabeth and Blank headed home in the van.  On the way, Blank turned down a side street and turned off the car.  He grabbed Elizabeth and forced her into the back of the van.  When she denied his request that she perform fellatio, he unzipped his pants, exposed his penis and forced his penis into her mouth.  He pulled down her pants and forced her to kneel on the bench seat facing the back of the van.  He then attempted to have sexual intercourse with her.  Afterwards he told her not to tell anyone or he would kill her.  Elizabeth had not given Blank permission to touch her at any time in the course of the events and had told him several times to stop his conduct.  See State v. Blank, 2007AP1013-CRNM (Wis. Ct. App. June 4, 2008).

Following his conviction and sentencing, Blank filed a notice of intent to pursue post-conviction relief, which in Wisconsin is the first step in the direct-appeal process.  Blank then filed a notice of appeal, but for reasons I need not explain Blank voluntarily dismissed his appeal and returned to the trial court to file a post-conviction motion seeking a new trial.  But Blank then withdrew the post-conviction motion.  His appellate counsel proceeded to commence a "no merit" appeal, in which counsel explained to the Wisconsin Court of Appeals that Blank had no non-frivolous issues to raise on appeal.  Blank did not file a

response to counsel's no-merit report. The court of appeals then conducted an independent review of the record and the no-merit report and agreed with counsel's conclusion that Blank had no potential issues to raise on appeal. Although counsel did not raise the issue of sufficiency of the evidence, the court of appeals addressed this issue and concluded that the evidence supported Blank's convictions. However, the court of appeals did not specifically discuss whether the evidence supported Blank's conviction for child enticement. Blank did not seek review of the court of appeals's no-merit determination in the Wisconsin Supreme Court.

On May 8, 2009, Blank, now proceeding pro se, filed a petition for writ of habeas corpus directly with the Wisconsin Court of Appeals. Blank sought to raise the instances of ineffective assistance of appellate counsel that he is pursuing in the present habeas action – namely, ineffectiveness for failure to raise sufficiency of the evidence in connection with the child-enticement charge along with failure to raise the numerous instances of ineffective assistance of trial counsel. Blank intended his habeas petition to be what is known as a Knight petition, which is the procedural vehicle in Wisconsin for raising a claim of ineffective assistance of appellate counsel. See State v. Knight, 168 Wis. 2d 509, 520 (1992) (holding that proper way of raising claim of ineffective assistance of appellate counsel is to file petition for habeas corpus in court of appeals that heard the direct appeal). After filing his Knight petition, Blank also filed his petition for writ of habeas corpus in this court. Along with his petition, Blank filed a motion to hold the federal habeas proceeding in abeyance while he exhausted his state remedies pursuant to the Knight petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). I granted Blank's motion and stayed the case pending resolution of the Knight petition.

3

On October 5, 2009, the Wisconsin Court of Appeals denied Blank's <u>Knight</u> petition. The court began by noting that the state had argued that the court should decline to consider the issues presented in the <u>Knight</u> petition on the ground that Blank had not offered a "sufficient reason" for failing to raise his issues in response to appellate counsel's no-merit report during the direct appeal. The state's argument was based on Wisconsin cases holding that a party generally may not raise an issue through a petition for habeas corpus or a post-conviction motion that the party could have, but did not, raise during the party's direct appeal. <u>See</u> <u>State v. Allen</u>, 328 Wis. 2d 1, 5 (2010); <u>State v. Escalona-Naranjo</u>, 185 Wis. 2d 168, 173 (1994); <u>State v. Tillman</u>, 281 Wis. 2d 157, 159-60 (Ct. App. 2005). The court of appeals agreed with the state that Blank had not shown a sufficient reason for failing to raise his issues earlier, but it declined to decide the case based on this procedural bar. Instead, it disposed of Blank's <u>Knight</u> petition on other grounds, as I discuss below.

First, the court found that Blank's ineffective assistance of appellate counsel claim based on counsel's failure to challenge the sufficiency of the evidence was foreclosed by the court's determination during the no-merit proceeding that the evidence was sufficient to support Blank's convictions. However, the court did not mention that Blank's claim in his <u>Knight</u> petition was based on counsel's failure to challenge the sufficiency of the evidence relating to a specific element of the child-enticement charge – the element requiring proof that Blank caused Elizabeth "to go into any vehicle" with the intent of exposing a sex organ. Wis. Stat. § 948.07(3). Blank's argument was that the evidence did not support a finding on that element. Although the court of appeals discussed the sufficiency of the evidence in a more general sense during the no-merit appeal, it did not

4

mention this element of the child-enticement charge or otherwise indicate whether the evidence was sufficient to support Blank's conviction on that charge.

The court of appeals disposed of Blank's remaining claims – those based on appellate counsel's ineffectiveness for failing to raise the alleged errors made by trial counsel – by concluding that they were not properly raised in a <u>Knight</u> petition. This part of the court's decision involved an application of <u>State ex rel. Rothering v. McCaughtry</u>, 205 Wis. 2d 675, 680-81 (Ct. App. 1996). In <u>Rothering</u>, the court decided that, in Wisconsin, a criminal defendant is represented by three kinds of counsel during his trial and direct appeal – trial counsel, post-conviction counsel and appellate counsel. Trial counsel handles things until the defendant files a notice of intent to pursue post-conviction relief. At that point, post-conviction counsel takes over and files post-conviction motions with the trial court. Once the post-conviction motions are resolved and the defendant files a notice of appeal, appellate counsel's role commences and this attorney handles the briefing and oral argument on appeal. Often, the same person acts as both post-conviction and appellate counsel. The distinction between the two is not about the lawyer's identity but about the forum in which the attorney operates – post-conviction counsel wraps things up in the trial court, appellate counsel does her job in the appellate courts.

Having established the distinction between post-conviction and appellate counsel, the <u>Rothering</u> court noted that often times the arguments available to appellate counsel will be limited because of the failure of post-conviction counsel to preserve issues in a post-conviction motion. This is because the Wisconsin Court of Appeals will not consider certain issues during a direct appeal, including ineffective assistance of trial counsel, unless they were first raised in the trial court in a post-conviction motion. Thus, when a

defendant argues that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal, what the defendant is really complaining about is the performance of post-conviction counsel. Id. at 679. And since the allegedly deficient performance of post-conviction counsel occurred in the trial court, the proper forum for raising the ineffective-assistance claim is the trial court in which such performance took place. Rothering thus requires this form of ineffective-assistance claim to be raised in a post-conviction motion or a habeas petition in the relevant trial court, rather than in a Knight petition in the court of appeals.

Returning to the disposition of Blank's Knight petition, the court of appeals found that Blank's ineffective-assistance claims (other than the claim relating to the sufficiency of the evidence) involved challenges to the performance of post-conviction counsel. The court explained that, pursuant to Rothering, those claims had to be raised in the trial court. It then denied Blank's petition. Blank appealed to the Wisconsin Supreme Court, but that court declined to grant review.

After the supreme court denied review, both Blank and the respondent notified me that Blank had exhausted his state remedies. I lifted the stay and accepted briefs on the merits of the petition.

## II. DISCUSSION

I begin with Blank's claim that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to the child-enticement claim. As noted, in this claim Blank argues that appellate counsel should have argued that the evidence did not show that Blank caused Elizabeth to go into any vehicle with the intent

6

of exposing a sex organ.  See Wis. Stat. § 948.07(3).  Blank's argument was that Elizabeth was already in the van by the time he exposed a sex organ, and that therefore the jury could not have reasonably concluded that he caused her to go into the van with intent to expose a sex organ.  Respondent does not respond to this claim on the merits.  Instead, he argues that federal review of this claim is blocked by an independent and adequate state ground – specifically, the state court's refusal to examine the merits of the sufficiency-of-the-evidence claim on the ground that it had already considered and decided the issue during Blank's direct appeal.  But this ground – essentially a form of res judicata – is a decision on the merits of the federal claim and is thus no bar to federal habeas review. See, e.g., Davis v. Lambert, 388 F.3d 1052, 1058 (7th Cir. 2004); Porter v. Gramley, 112 F.3d 1308, 1315-16 (7th Cir. 1997); Hogan v. McBride, 74 F.3d 144, 146 (7th Cir. 1996). Further, because Blank appealed the court of appeals's merits-based resolution of this portion of the Knight petition to the Wisconsin Supreme Court, he has fully exhausted his ineffective-assistance claim based on insufficiency of the evidence on the child-enticement charge.  See Pole v. Randolph, 570 F.3d 922, 934 (7th Cir. 2009) ("Under Section 2254's exhaustion requirement, the petitioner must assert his federal claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings.").

Because Blank has exhausted his first claim without committing a procedural default, I must consider the claim on its merits.  However, because I cannot adjudicate a "mixed" petition – a petition containing both exhausted and unexhausted claims – I first consider whether Blank has exhausted his remaining claims, which involve appellate counsel's ineffectiveness in failing to raise trial counsel's ineffectiveness during Blank's direct appeal.

7

Respondent has not clearly articulated its position on whether Blank has exhausted these claims. In one section of his brief, he contends that Blank procedurally defaulted these claims by presenting them to the court of appeals in a <u>Knight</u> petition instead of to the trial court pursuant to <u>Rothering</u>. (Br. [Docket #22] at 12-24.) This argument implies that Blank has exhausted the claims, since a procedural default of this sort usually occurs only after a petitioner has exhausted his state remedies. <u>See</u> <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."). But in the next section of his brief, respondent asserts that Blank has not exhausted his state remedies because he has not yet brought a post-conviction motion or habeas petition in the trial court pursuant to <u>Rothering</u>. (Br. [Docket #22] at 24-25.) Moreover, respondent seems to imply that Blank still has the right to present his ineffective-assistance claims to the trial court. In his brief, respondent states that when the court of appeals denies a <u>Knight</u> petition on the ground that it raises claims that must be raised in the trial court, the court usually allows the inmate to file an appropriate motion in the trial court pursuant to <u>Rothering</u>. (Respondent's Br. [Docket #222] at 23.) Thus, so far as the present record reveals, Blank is not foreclosed from filing a post-conviction motion or habeas petition with the trial court pursuant to <u>Rothering</u>, and so he has not yet exhausted the ineffective-assistance claims that, according to the Wisconsin Court of Appeals,[1] must be raised in the trial court. <u>See</u> 28 U.S.C. § 2254(c)

_____

[1]I do not consider whether the court of appeals's determination that Blank's claims must be raised in the trial court pursuant to <u>Rothering</u> was correct. Rather, since this is a matter of state rather than federal law, I assume that the Wisconsin Court of Appeals was correct. Should it turn out that the court's determination resulted in a procedural default,

("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Because it appears that Blank has yet to exhaust all of his claims, I conclude that the present petition is a mixed petition. Further, because I cannot adjudicate a mixed petition, see Rhines v. Weber, 544 U.S. 269, 274-75 (2005), I cannot proceed any further with Blank's petition in its present form. Blank thus has a choice to make. One option is to withdraw the unexhausted claims, in which case the petition would no longer be mixed because it would contain only an exhausted claim – i.e., Blank's claim involving the child-enticement charge. This option would allow Blank to move forward immediately with his petition, although by selecting this option Blank would possibly forfeit federal review of his unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 520-21 (1982). Blank's other option is to request that I stay this case and hold the petition in abeyance while he exhausts his remaining state-court remedies by filing a post-conviction motion or habeas petition in the state trial court pursuant to Rothering. Once the state-court Rothering proceedings (including any appeals from the trial court's disposition of the Rothering determination) have concluded, Blank may return to this court and receive federal review of all of his claims at one time. The latter choice preserves federal review of all of Blank's claims, although it also results in some delay in adjudication of the exhausted claim involving the child-enticement charge.

---

I may then consider whether the court's application of Rothering constituted an "adequate" state ground for refusing to review the federal claim.

Accordingly, Blank must notify me within thirty days of the date of this order whether his choice is to withdraw his unexhausted claims and proceed with the child-enticement claim or to request stay and abeyance so that he may initiate Rothering proceedings in the Winnebago County Circuit Court. Once I receive notice of Blank's choice, I will either set a briefing schedule on the merits of the child-enticement claim or enter an order holding the case in abeyance pending exhaustion of Blank's remaining state remedies. No matter which option he selects, however, Blank is advised to consider initiating proceedings in the Winnebago County Circuit Court pursuant to Rothering as soon as possible.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Blank must notify the court within **30 days** of the date of this order whether his choice is to withdraw his unexhausted claims or to request stay and abeyance.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2011.


/s_____
LYNN ADELMAN
District Judge